# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| IN RE NPS PHARMACEUTICALS, INC. SECURITIES LITIGATION | **MEMORANDUM DECISION AND ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**Case No. 2:06-cv-00570-PGC-PMW**<br><br>**District Judge Paul G. Cassell**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are three competing motions for appointment as lead plaintiff and for approval of selection of counsel.[2] One motion was brought by Dr. Audie Leventhal, who is represented by the law firms Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Anderson & Karrenberg.[3] Another motion was brought by PHARMA/wHEALTH Management Company S.A. ("PHARMA"), which is represented by the

---

[1] In an order dated September 14, 2006, Judge Cassell consolidated several previously filed actions under the instant case name and case number. *See* docket no. 30.

[2] In addition to these three motions, two other motions for appointment as lead plaintiff and for approval of selection of counsel were filed, but both were subsequently withdrawn. *See* docket nos. 34, 37, 45, 48.

[3] Dr. Leventhal filed the same motion in three separate docket entries. *See* Docket nos. 17, 18, 32. The court's disposition of Dr. Leventhal's motion applies to all three of these entries.

law firms Motley Rice LLC and Burbidge & Mitchell.[4]  The final motion was brought by John Williams and Robert Rains (collectively, "Williams & Rains"), who are represented by the law firms Schiffrin & Barroway, LLP and Pate Pierce & Baird, PC.[5]

The court has carefully reviewed the written submissions of the parties.  Pursuant to local rule 7-1(f), the court has determined that oral argument would not be helpful or necessary and will rule on the motions on the basis of the written submissions.  *See* DUCivR 7-1(f).

## BACKGROUND

This case was brought as a securities class action on behalf of all purchasers of the publicly traded securities of NPS Pharmaceuticals, Inc. ("NPS") during a certain period of time (the "Class Period").  The suit claims that owners of NPS stock during the Class Period suffered losses based on the omissions and misrepresentations of NPS and its officers.

## ANALYSIS

### I. Rebuttable Presumption for Determining Lead Plaintiff

When considering motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court is required to adopt a rebuttable presumption

> that the most adequate plaintiff . . . is the person or group of persons that--

---

[4] Docket no. 21.

[5] Docket no. 31.

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of [r]ule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). These requirements, as applied to each movant, are addressed below.

### A. Complaint or Motion

All three movants satisfy the first requirement to obtain the rebuttable presumption–i.e., all three either filed a complaint or made a motion in response to a published notice.

### B. Largest Financial Interest

Concerning the parties' claimed losses, PHARMA asserts that it lost approximately $3,000,000; Dr. Leventhal asserts that he lost approximately $400,000; and Williams & Rains claim that they lost approximately $200,000.

Although PHARMA clearly has the largest claimed financial interest in this case, Dr. Leventhal and Williams & Rains dispute PHARMA's loss figure, arguing that PHARMA actually made a profit during the Class Period. They also present arguments concerning the merits of the methods employed by the parties in measuring their respective losses–i.e., first in, first out ("FIFO") vs. last in, last out ("LIFO").

These arguments are without merit. In arguing that PHARMA actually made a profit during the Class Period, Dr. Leventhal and Williams & Rains focus exclusively on the stock

purchased and sold by PHARMA during the Class Period, without recognizing the stock PHARMA held prior to the commencement of the Class Period. Dr. Leventhal and Williams & Rains show that PHARMA sold more shares than it purchased during the Class Period, and they treat the excess number of shares sold as pure gain to PHARMA. This ignores the economic reality of a stock sale, which requires that the sales price for a share of stock be matched with that share's cost basis, in order to calculate a profit or loss on the sale of that share. As demonstrated by PHARMA's submissions to the court, when this reality is recognized, Dr. Leventhal and Williams & Rains's argument is baseless. In addition, the arguments concerning the use of FIFO versus the use of LIFO are irrelevant because under the proper application of either method, PHARMA's loss is greater than that of either Dr. Leventhal or Williams & Rains.

For these reasons, PHARMA has the greatest financial interest in the relief sought by the class, thereby satisfying the second requirement to obtain the rebuttable presumption.

### C. Requirements of Rule 23

Rule 23, which governs class actions, provides that a class action may be maintained

> only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4). Of these four requirements, only subsection (3) ("typicality") and subsection (4) ("adequacy") are relevant to the consideration of motions for appointment as lead plaintiff. *See Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the

purposes of a motion for appointment of lead plaintiff under [r]ule 23, it is proper to limit a court's inquiry into the final two prongs of [r]ule 23(a), typicality and adequacy. After the selected lead plaintiff moves for class certification, then a court is to engage in a more thorough analysis of the other requirements for class certification." (citations omitted)).

### 1. Typicality

The typicality requirement is satisfied when

> the "injury and the conduct are sufficiently similar." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Furthermore, a difference in the factual situations of class members per se, does not defeat typicality under [r]ule 23(a)(3). *See id*. This is true as long as the claims of class representatives and other class members are based on the same legal or remedial theory. *See id*.

*Meyer*, 225 F.R.D. at 680-81. All of the movants in this case satisfy the typicality requirement because, like the other class members, (1) they purchased NPS stock during the Class Period, (2) they allege the purchase price of the stock was inflated due to the omissions and misrepresentations of NPS and its officers, and (3) they all allegedly suffered damages. *See id*. at 681 (citing *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000)). "The claims made by the competing [movants] are typical of those in the rest of the class." *Id*. For these reasons, all of the movants satisfy the typicality requirement of rule 23(a)(3).

### 2. Adequacy

When analyzing the adequacy requirement, "'[t]he PSLRA directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed

lead plaintiffs and the members of the class.'" *Id*. (quoting *In re Ribozyme*, 192 F.R.D. at 659).

The adequacy standard

> is met by fulfilling two requirements. First, there must be an absence of potential conflict between the named plaintiffs and other class members. *See* [*In re Ribozyme*, 192 F.R.D. at 659]. Second, the counsel chosen by the representative party must be "qualified, experienced and able to vigorously conduct the proposed litigation." *Id*.

*Meyer*, 225 F.R.D. at 681. There is no evidence of a conflict between the named plaintiffs, the competing movants, and the other class members. In addition, the parties' written submissions demonstrate that each movant has retained qualified and experienced counsel who will be "'able to vigorously conduct the proposed litigation.'" *Id*. (quoting *In re Ribozyme*, 192 F.R.D. at 659). Therefore, all movants satisfy the adequacy requirement of rule 23(a)(4).

Based upon the foregoing, PHARMA is the only movant who has satisfied all of the requirements for obtaining the rebuttable presumption as the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This notwithstanding, the PSLRA provides the other movants with the ability to rebut this presumption in favor of PHARMA. *See id*. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). Dr. Leventhal has presented arguments to this effect, which will be addressed below.

## II. Rebutting the Presumption

Once the rebuttable presumption described in the PSLRA is established, it

> may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
>
>> (aa) will not fairly and adequately protect the interests of

6

>   the class; or
>
>   (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id*. § 78u-4(3)(B)(iii)(II)(aa)-(bb).

Dr. Leventhal does not argue that PHARMA will not fairly and adequately protect the interests of the class. However, Dr. Leventhal does argue that PHARMA is incapable of adequately representing the class because its status as a foreign investment entity subjects it to unique defenses. Relying on cases from other jurisdictions, *see Blechner v. Daimler-Benz AG*, 410 F. Supp. 2d 366 (D. Del. 2006); *In re Royal Dutch/Shell Transp. Sec. Litig.*, 380 F. Supp. 2d 509 (D. N.J. 2005); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2003) (mem.), Dr. Leventhal asserts that PHARMA's status as a foreign investment entity could serve as the basis for an attack from the defendants concerning a lack of subject matter jurisdiction. Dr. Leventhal also claims that the res judicata effect of any judgment in favor of PHARMA is uncertain because of its status as a foreign investment entity. As noted by PHARMA in its reply memorandum, these arguments are without merit.

In response to these arguments, PHARMA correctly notes that the cases relied upon by Dr. Leventhal involved facts not present in this case. Those cases involved foreign defendants and stock traded on foreign markets. *See Blechner*, 410 F. Supp. 2d at 371; *In re Royal Dutch/Shell*, 380 F. Supp. 2d at 539-40; *In re Royal Ahold*, 219 F.R.D. at 351. In this case, NPS is a United States company, and PHARMA purchased its shares on an exchange based in the United States. Consequently, the concerns over subject matter jurisdiction and res judicata raised

in the cases cited by Dr. Leventhal are not present in this case.  Even the authority cited by Dr. Leventhal makes it clear that the court has subject matter jurisdiction over claims of foreign investors for losses sustained on United States exchanges.  *See In re Royal Ahold*, 219 F.R.D. at 351.  In addition, it is clear that any potential judgment rendered by the court in favor of PHARMA would be enforceable in the United States against NPS, a United States company.

Based upon the failure of these arguments, the presumption in favor of PHARMA as the most adequate plaintiff has not been rebutted.  Therefore, PHARMA's motion for appointment as lead plaintiff is granted.

### III.  Selection of Counsel

Pursuant to the PSLRA, the party selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  PHARMA has selected Motley Rice LLC to serve as lead counsel and Burbidge & Mitchell to serve as liaison counsel.  As demonstrated by their submissions to the court, both firms have expertise and experience in the prosecution of shareholder and securities class actions and, as a result, are adequate to represent the interests of the class.  *See id.*; *Meyer*, 225 F.R.D. at 684.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. PHARMA's motion for appointment as lead plaintiff and for approval of selection of counsel[6] is **GRANTED**. PHARMA is appointed as lead plaintiff, Motley Rice LLC is appointed as lead counsel, and Burbidge & Mitchell is appointed as liaison counsel.

2. Dr. Leventhal's motion for appointment as lead plaintiff and for approval of selection of counsel[7] is **DENIED**.

3. Williams & Rains's motion for appointment as lead plaintiff and for approval of selection of counsel[8] is **DENIED**.

4. Pursuant to previous orders of the court,[9] all portions of any pending motions relating to consolidation of cases[10] are moot.

DATED this 17th day of November, 2006.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[6] Docket no. 21.

[7] Docket nos. 17, 18, 32.

[8] Docket no. 31.

[9] Docket nos. 30, 40.

[10] Docket nos. 18, 31, 32.